## Whitman, &c. *vs* Gaddie.

### ERROR TO THE HART CIRCUIT.

*Principal and surety.    Replevy bond.*

JUDGE SIMPSON delivered the opinion of the Court.

A JUDGMENT having been rendered against the plaintiffs in error, Whitman being the pricipal debtor, and the oth-er persons named being his sureties, the defendants in the judgment entered into a replevin bond with Gaddie as security. An execution having issued on the replevin bond, and Gaddie having been compelled to pay it, brought this action of assumpsit against all the defend-

ASSUMPSIT.

*Case 145.*

*September 28.*

A surety in a replevy bond may maintain assumpsit ag'st. all those against whom the origin-al judgment was recovered, they all stand as prin-cipals to him, whether they

WHITMAN, &c.
*vs*
GADDIE.

were sureties or
principals in the
original debt.

ants in the judgment, and the foregoing facts having been proved upon the trial, a motion was made for a nonsuit, which being overruled, a verdict was returned and judgment rendered for the plaintiff, for the whole amount he had paid on the replevin bond.

It is now insisted that the original sureties in the debt were the co-securities of Gaddie, who was security in the replevin bond; that they are not liable to him for the whole debt, but are bound only to contribute ratably; that this liability is a separate and not a joint one, and consequently the motion for a nonsuit should have prevailed. We deem the position wholly untenable.

Each one of the defendants in the judgment was legally liable for its whole amount. They are all principals in the replevin bond, and described as such on its face. Gaddie is their surety, and not the surety of any one of them alone. They are all principals, so far as he is concerned, and all liable to him for any payment he has made as their surety. There is no evidence of the manner in which he was induced to go security in the bond. In the absence of all testimony proving a contract between the parties, at the time the replevin bond was executed, defining their relative rights and liabilities, the legal presumption, from the attitude of the parties is, that the defendants in the judgment were regarded by all of them as principals; that Gaddie became security in the bond at their instance, and consequently the payment made by him afterwards being in discharge of a legal liability upon all of the defendants in the judgment at the time he entered into the bond as their surety, they are responsible to him for the amount paid.

Wherefore, the judgment of the Circuit Court is affirmed.

*Harlan & Craddock* for plaintiffs; *B. & A. Monroe* for defendant.